UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                          Criminal No. 06-255 (JMR/FLN)

    Plaintiff,

    v.                                          **REPORT AND**
Christopher Danille Porter,                         **RECOMMENDATION**

    Defendant.

_____

LeeAnn K. Bell, Assistant United States Attorney, for the Government.
Gary R. Bryant-Wolf, for Defendant.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on September 20, 2006, on Defendant's motion to suppress evidence seized after unlawful stop [#13] and Defendant's motion to suppress statements [#14].  At the hearing, the Court heard testimony from Minneapolis Police Officers John Ochs and Mark Bohnsack.  The Government submitted one exhibit into evidence.  Government's Exhibit One is a photograph of the location of the firearm inside the vehicle from Officer Bohnsack's perspective.  The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons which follow, this Court recommends Defendant's motions be **DENIED** in part and **GRANTED** in part.

## I.   FINDINGS OF FACT

Officers Ochs and Bohnsack testified at the September 20, 2006, suppression hearing on this matter. Both officers are assigned to the Fourth Precinct and their patrol is targeted at known problem areas in that precinct.  Officers Ochs and Bohnsack gave consistent testimony in regards to the arrest of Defendant on July 12, 2006.

On July 12, 2006, Officers Ochs and Bohnsack were on patrol in the Fourth Precinct in a marked squad car with Officer Bohnsack driving the vehicle. They were headed westbound on 26th Avenue in the area of Oliver Avenue North, Minneapolis, when they passed the Defendant driving a van eastbound on 26th Avenue.

Officer Ochs testified that he recognized the Defendant from a traffic stop just one day earlier. Officer Bohnsack remembered the vehicle and license plate from the previous day. During that stop, on July 11, 2006, Officers Ochs and Bohnsack issued a citation for driving without a valid driver's license to a different driver in the same vehicle.[1] The vehicle was impounded and the driver was cited and released. Defendant was a passenger in the vehicle and Officer Ochs ran a warrant check during the stop where he learned that Defendant also did not have a valid license.

After passing Defendant on 26th Avenue, on July 12, Officer Bohnsack performed a U-turn and began to follow Defendant. Officer Ochs used the squad car computer to confirm his recollection, from the previous day, that Defendant did not have a valid driver's license. After confirming that Defendant did not have a valid driver's license, Officer Bohnsack testified he turned on the squad car lights and executed a traffic stop on 26th Avenue in the area of Fremont Avenue North and Emerson Avenue North, about six blocks from Oliver Avenue North.

Officer Ochs approached the passenger side of Defendant's vehicle while Officer Bohnsack approached the driver's side of the vehicle. Officer Bohnsack ordered the Defendant out of the vehicle, and detained him in the back of the squad car. As the Defendant exited the vehicle, Officer Bohnsack testified that he noticed the butt of a handgun protruding from under the center console

---

[1]The driver of this vehicle was widely known to not have a valid driver's license. Officers Bohnsack and Ochs executed the stop based upon this knowledge.

of the van.[2]  He testified that between one-half inch and one inch of the handgun was visible.  The

Government introduced Exhibit One, a picture taken by Officer Ochs at the scene.  The picture

demonstrated the view that Officer Bohnsack had of the center console and handgun.  The view from

outside the driver's door was clear and unobstructed.

Officer Bohnsack did not immediately acknowledge that he saw the gun and continued to

escort the Defendant to the squad car.  After securing the Defendant in the back of the squad car,

Officer Bohnsack went back to the vehicle to further investigate what he saw while Officer Ochs

stayed with Defendant in the squad car.  Officer Bohnsack confirmed that the item he saw was

actually a handgun.  Upon returning to the vehicle, the Officers asked Defendant if he had a permit

for the firearm.  Defendant said, "No."  They then inquired if he had any felony convictions.

Defendant told Officers that he had a juvenile felony conviction.  Defendant also stated that the

firearm belonged to the driver from the previous day and he wanted to work out a deal with police

to "make this all go away."  No *Miranda* warnings were given while Defendant was in the back of

the squad car.

The Officers took the Defendant into custody and impounded the vehicle.  Once at the police

station, the Defendant received a *Miranda* warning and made further statements to Police.  The

Defendant is only challenging the admissibility of the statements made to police while in the back

of the squad car.  In a post-hearing memorandum, the Government conceded that they did not have

any authority for the proposition that Defendant's responses pertaining to not having a permit and

possible felony convictions were admissible, therefore, the Government agreed not to attempt to

---

[2]Defendant's van has a removable access panel under the radio instrument panel, which allows access to the engine.  The gun was behind this access panel and only slightly visible.

admit those statements at trial.

## II.  CONCLUSIONS OF LAW

**A.      Officer Bohnsack Legally Seized The Handgun Under The Plain View Exception to the Warrant Requirement.**

Evidence that is in plain view may be seized by police without a warrant. Coolidge v. New Hampshire, 403 U.S. 443, 465 (1971).  However, when police are in a position to view an item, they must not violate the Fourth Amendment in arriving in that position.  Horton v. California, 496 US 128, 136 (1990).  Additionally, the incriminating nature of the evidence must be immediately apparent. Id. at 136-37.

1.      **Officer Bohnsack Legally Arrived In A Position To View The Firearm**

Law enforcement has authority to stop a moving vehicle when they have probable cause to believe that the vehicle is being operated in violation of law.  Whren v. United States, 517 U.S. 806, 811-13 (1996).  Officer Ochs knew that Defendant did not have a valid driver's license from the stop on the previous day.  In addition, Officer Ochs confirmed this fact before the stop was initiated. Officers Ochs and Bohnsack had sufficient probable cause to believe that the Defendant was operating a motor vehicle without a valid driver's license, therefore the stop was legal.

"If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender."  United States v. Orozco-Castillo, 404 F.3d 1101, 1103 (8th Cir.2005)(citing Atwater v. City of Lago Vista, 532 U.S. 318, 354 (2001)).  Here Officers Ochs and Bohnsack had probable cause to believe that Defendant was operating a vehicle without a valid driver's license and the Defendant was engaged in this activity in the Officers' presence.  Therefore, Officer Bohnsack's action of ordering Defendant from the vehicle was legal under the Fourth Amendment.

4

2.      **The Incriminating Nature of the Handgun Was Immediately Apparent.**

Officer Bohnsack testified that he saw an object protruding from underneath the center console and he recognized this object as the butt end of a handgun.   The Supreme Court has held that the  incriminating nature of an item is immediately apparent if police have probable cause to believe an object in plain view is contraband.  <u>Minnesota v. Dickerson</u>, 508 U.S. 366, 375 (1993). The State of Minnesota makes the transport of a handgun in an automobile a crime.  Minn. Stat. §624.714 (2006).  Minnesota  law also allows permit holders to carry concealed weapons in their automobiles.  <u>Id</u>.  The Minnesota Supreme Court has held that possession of a permit is an affirmative defense, not an element of the crime.  <u>State v. Paige</u>, 256 N.W.2d 298, 303 (1977). Therefore, a handgun in Defendant's automobile is presumed to be contraband and the incriminating nature is immediately apparent.

Since Officer Bohnsack viewed a handgun in Defendant's automobile from a position that did not violate any of the Defendant's Fourth Amendment rights and the incriminating nature of the firearm was immediately apparent, Defendant's motion to suppress evidence after an unlawful stop must be denied.

B.  **Defendant's Statements To Police In Squad Car**

The Defendant made two types of statements to the Officers in this case.  Defendant responded to the Officers' questioning regarding whether he had a permit for the firearm and any previous felony convictions.  Defendant also made an offer to make a deal to make this "all go away."  The Government stated that it does not intend to introduce the Defendant's statements in response to the Officers' questions, so the only remaining statement to be considered is the offer to cooperate with authorities.

In order for a Defendant's statement to require the protection of <u>Miranda v. Arizona</u>, it must be made while in custody and in response to interrogation. 384 U.S. 436, 461 (1966). Miranda does not affect the admissibility of voluntary statements made by a Defendant that is not in response to questioning by authorities. *Pennsylvania v. Munoz*, 496 U.S. 582, 588 (1990). Defendant's offer to assist authorities was spontaneous, voluntary and outside of any questioning by Officers Bohnsack and Ochs. It is admissible.

## III. RECOMMENDATION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant's motion to suppress evidence seized after unlawful stop [#13] be **DENIED** and Defendant's motion to suppress statements [#14] be **GRANTED** in part and **DENIED** in part as follows:

1.    Defendant's motion to suppress statements [#14] be **GRANTED** to the extent it seeks to suppress statements made by Defendant in response to the Officers' questions about whether Defendant possessed a permit for the gun or had any previous felony convictions.

2.    Defendant's motion to suppress statements [#14] be **DENIED** to the extent it seeks to suppress Defendant's offer to work out a deal with authorities.


DATED: October 11, 2006                    *s/ Franklin L. Noel*
                                           FRANKLIN L. NOEL
                                           United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **October 30, 2006**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's

brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **October 30, 2006** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.